MARCINE MINIFEE, Plaintiff-Appellee, v. LYNN Q. DOHERTY, Director, The Department of Employment Security, *et al.*, Defendants-Appellants (Illinois Bell Telephone Company, Defendant).

First District (6th Division)    No. 1—01—3670

Opinion filed September 13, 2002.

James E. Ryan, Attorney General, of Chicago (Joel D. Bertocchi, Solicitor General, and John Schmidt, Assistant Attorney General, of counsel), for appellants.

Law Offices of Barry A. Schultz, P.C., of Chicago (Barry A. Schultz, of counsel), for appellee.

JUSTICE GALLAGHER delivered the opinion of the court:

This is an appeal from a final order of the circuit court in an action for administrative review of the decision of defendant Board of Review of the Department of Employment Security (Board) concerning plaintiff Marcine Minifee's claim for unemployment benefits. The circuit court reversed the Board's decision and declared invalid the regulation that was relied upon by the Board. The court also awarded plaintiff's counsel attorney fees based upon the invalidation of the statute. We reverse.

Plaintiff worked for defendant Illinois Bell Telephone Co. (Bell) for 27 years. She accepted an early retirement package and stopped working for Bell on December 31, 1994. Bell offered plaintiff a retirement payment of $864.07 each month for the rest of her life or the option of a lump-sum payment of $153,297.08. The lump-sum payment was derived from the present value of the $864.07 per month and was determined using a calculation that took interest rates and mortality tables into consideration. Plaintiff decided to accept the lump-sum payment of $153,297.08, and she subsequently rolled this sum over into a retirement account. After leaving Bell, plaintiff worked for H.R. Management Services, Inc., for a few months. She left this job on June 23, 1995, and sought unemployment benefits.

The subsequent procedural history of this case, from the time of plaintiff's application for unemployment benefits in 1995 to the present time of this appeal in 2002, need not be described in detail, but suffice it to say that it involved a series of events including several administrative hearings and appeals, a decision by the Board, an administrative review action, a remandment by the circuit court, a supplemental decision by the Board, a second administrative review action, an affirmance by the circuit court, a motion to reconsider by

plaintiff, a reversal by the circuit court, a motion to reconsider by the State defendants, a remandment to the Board, a supplemental decision by the Board, a return to the circuit court at which time Bell—with leave of court—filed a brief and finally the circuit court judgment of September 7, 2001, which is the subject of this appeal.

The issue presented is whether the Department regulation found at 56 Ill. Adm. Code § 2920.75(d) (2000) is valid. This was the rule that was relied upon by the Department of Employment Security in resolving plaintiff's unemployment benefit claim. The circuit court, in declaring the regulation invalid, determined that it was inconsistent with section 611(B) of the Unemployment Insurance Act (Act) (820 ILCS 405/611(B) (West 2000)). Because the trial court's decision declaring the rule invalid is a question of law, our review is *de novo*. *Swavely v. Freeway Ford Truck Sales, Inc.*, 298 Ill. App. 3d 969, 976, 700 N.E.2d 181 (1998).

■ We shall first explain the general principles that apply to judicial review of an agency's rules and regulations. The statute that creates an administrative agency defines the authority of the agency to adopt rules and regulations. *Board of Trustees of University of Illinois v. Illinois Educational Labor Relations Board*, 274 Ill. App. 3d 145, 148, 653 N.E.2d 882, 884 (1995). When a regulation is promulgated by an agency pursuant to this grant of legislative power, a reviewing court should not substitute its judgment as to the content of the regulation, because the legislature has placed the power to create such regulations in the agency and not in the court. *Monsanto Co. v. Pollution Control Board*, 67 Ill. 2d 276, 290, 367 N.E.2d 684, 690 (1977). A rule or regulation that conflicts with the enabling statute is invalid. *Board of Trustees*, 274 Ill. App. 3d at 148, 653 N.E.2d at 884. Nevertheless, an administrative regulation carries the same presumption of validity as a statute. *Board of Trustees*, 274 Ill. App. 3d at 148, 653 N.E.2d at 884. Thus, the party challenging the validity of a regulation bears the burden of proving its invalidity. *Board of Trustees*, 274 Ill. App. 3d at 148, 653 N.E.2d at 884.

■ The Illinois Supreme Court has explained that, if it can reasonably be done, a reviewing court has a duty to affirm the validity of administrative regulations. *Granite City Division of National Steel Co. v. Illinois Pollution Control Board*, 155 Ill. 2d 149, 164-65, 613 N.E.2d 719, 726 (1993). Moreover, if a challenged rule's or regulation's construction is doubtful, any doubts will be resolved in favor of its validity. *Granite City*, 155 Ill. 2d at 164-65, 613 N.E.2d at 726. In reviewing an agency's rules and regulations, it is well settled that a court may not invalidate an agency's rule or regulation unless it is clearly arbitrary, unreasonable or capricious. *American Federation of*

*State, County & Municipal Employees v. Department of Central Management Services*, 288 Ill. App. 3d 701, 713, 681 N.E.2d 998, 1006 (1997); *Shell Oil Co. v. Pollution Control Board*, 37 Ill. App. 3d 264, 270-71, 346 N.E.2d 212 (1976). A reviewing court employs this standard of review because administrative agencies are inherently more qualified to decide technical problems and the mechanics of dealing with them. *Department of Central Management Services*, 288 Ill. App. 3d at 713, 681 N.E.2d at 1006. A court should hesitate to declare a regulation invalid because the courts lack the expertise possessed by administrative agencies. *Department of Central Management Services*, 288 Ill. App. 3d at 713, 681 N.E.2d at 1006.

■ The relevant statutory provisions are both sections 611(A)(1) and 611(B) of the Unemployment Insurance Act. 820 ILCS 405/611(A)(1), (B) (West 2000). Section 611(A)(1) states in relevant part:

"A. For the purposes of this Section 'disqualifying income' means:

1. The entire amount which an individual has received or will receive with respect to a week in the form of a retirement payment ***." 820 ILCS 405/611(A)(1) (West 2000).

Section 611(B) states in relevant part:

"B. Whenever an individual has received or will receive a retirement payment for a month, an amount shall be deemed to have been paid him for each day equal to one-thirtieth of such retirement payment. If the retirement payment is for a half-month, an amount shall be deemed to have been paid the individual for each day equal to one-fifteenth of such retirement payment. If the retirement payment is for any other period, an amount shall be deemed to have been paid the individual for each day in such period equal to the retirement payment divided by the number of days in the period." 820 ILCS 405/611(B) (West 2000).

The Department promulgated the following relevant regulation regarding disqualifying income and reduced benefits:

"2920.75 Allocation Of Retirement Pay

* * *

c) Whenever an individual has received or will receive amounts as retirement pay as defined by Section 2920.65 for any other period, an amount shall be deemed to have been paid the individual for each day in the period equal to the amounts of retirement pay divided by the number of days in the period.

d) Whenever an individual has received or will receive a lump sum amount which constitutes retirement pay under Section 2920.65, and if the retirement pay could have been received on a periodic basis at the option of the individual, an amount shall be deemed to have been paid the individual for each day in the period

for which a periodic payment could have been received, provided that the employer has satisfied the notice requirement of this subsection. The amount deemed to have been paid shall be allocated in accordance with the formulas in subsections (a), (b) or (c) above, as appropriate. Within 10 calendar days after notification of the filing of the individual's claim for benefits, the employer must designate by notice to the Director the periodic basis on which the individual could have received the retirement pay, the amount that the individual could have received each period and the duration for which periodic payments could have been made. Failure to so notify the Director shall result in such lump sum payment being treated as disqualifying only for the week in which it was paid under Section 2920.70(c).

Example 1: An individual retires from Company A. In accordance with the company's retirement plan, the individual has the option to receive a lump sum payment of $300,000.00 or a monthly annuity of $3,000.00 for the rest of his life. The individual chooses to receive the lump sum. The individual then files a claim for benefits. If the company notifies the Director within 10 calendar days after notification of the individual's claim for benefits, designating the periodic basis on which the individual could have received retirement payments, the amount the individual could have received each period, and the duration for which the individual could have received the periodic payments, the individual's $300,000.00 lump sum retirement payment will be deemed to have been received in monthly installments of $3,000.00 and will be allocated in accordance with subsection (b)." 56 Ill. Adm. Code § 2920.75 (2000).

The trial court concluded that plaintiff's unemployment benefits should be calculated according to subsection (c) of the regulation and declared invalid subsection (d) of the regulation, which was the section relied upon by the Board. On appeal, defendants contend that subsection (d) of the regulation is valid and therefore properly relied upon by the Board. We agree.

Section 611 of the Act is silent with respect to lump-sum retirement payments. The Department promulgated subsection (d) to provide a method of calculating the amount of disqualifying income where a claimant has elected to receive retirement benefits in the form of a single, lump-sum payment. The United States Supreme Court has stated, with respect to federal agencies, that " '[t]he power of an administrative agency to administer a congressionally created ... program necessarily requires the formulation of policy and the making of rules to fill any gap left, implicitly or explicitly, by Congress.' [Citation.]" *Chevron, U.S.A., Inc. v. Natural Resources Defense Council,*

*Inc.*, 467 U.S. 837, 843, 81 L. Ed. 2d 694, 703, 104 S. Ct. 2778, 2782 (1984). The Illinois Supreme Court cited *Chevron* with approval and explained as follows: "Where the legislature expressly or implicitly delegates to an agency the authority to clarify and define a specific statutory provision, administrative interpretations of such statutory provisions should be given substantial weight unless they are arbitrary, capricious, or manifestly contrary to the statute. [Citations.]" *Church v. State*, 164 Ill. 2d 153, 161-62, 646 N.E.2d 572, 577 (1995).

Plaintiff contends that subsection (d) conflicts with the statutory language of the Act which provides that "[w]henever an individual *has received or will receive* a retirement payment" (emphasis added) (820 ILCS 405/611(B) (West 2000)) and does not allow for, or provide for, any calculation of disqualifying income based upon retirement income that "could have been" received. This distinction is irrelevant because the statutory language encompasses periodic payments, not lump-sum payments. Thus, contrary to plaintiff's contention, the statutory language that specifically refers to payments received to cover one month, one-half month, or "any other period" does not cover all contingencies, such as the situation where a lump-sum amount is given. Section 611(B) only discusses how disqualifying income will be calculated when a person receives retirement pay on a periodic basis rather than a lump sum. A lump-sum amount, by its very nature, does not involve any "period," despite plaintiff's contention that the "period" was her lifetime which, because it is unknown, must be determined by the Board.

■ This was the interpretation contained in the circuit court's order of April 21, 1999, in which the court remanded the matter to the Board for the purpose of calculating the amount based upon plaintiff's life expectancy. Such a calculation necessitates the taking of evidence and consideration of various factors including actuarial tables and plaintiff's health habits, as well as consideration of the present value of the lump sum which was originally calculated based upon considerations of interest rates and mortality tables. The impractical effect of this interpretation has already been seen. Such a calculation is nothing more than the artificial creation of a period where none exists; a period that can then only be estimated, since, in fact, such a period can never be determined with mathematical precision and the payments are not actually going to be distributed during the period of plaintiff's lifetime.

Plaintiff has raised additional arguments, which we find meritless. Plaintiff has failed to meet her burden of showing that subsection (d), the regulation at issue, was arbitrary, capricious or unreasonable. The circuit court erred when it declared subsection (d) invalid.

We conclude that subsection (d) is a reasonable construction of section 611 of the Act and is not arbitrary, capricious, or contrary to the statute. We therefore reverse the order of the trial court of September 7, 2001, which declared subsection (d) of the regulation invalid, including the decision granting attorney fees to plaintiff. We also vacate the Board's supplemental decision dated June 11, 1999, which, pursuant to the incorrect order of the circuit court, calculated plaintiff's unemployment benefits based on subsection (c) of the regulation. We reinstate and affirm the Board's supplemental decision of December 2, 1996, which correctly applied section (d) to determine plaintiff's disqualifying income with respect to her unemployment compensation claim.

Reversed.

BUCKLEY and O'MARA FROSSARD, JJ., concur.